**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| Michael Coyle and Cynthia Coyle, | ) | |
| | ) | |
| Plaintiffs, | ) | 2:05-cv-3592-CWH |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | **ORDER** |
| Jordan Jones and Goulding, Inc., | ) | |
| | ) | |
| Defendant and Third Party Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CR Hipp Construction, Inc., f/k/a Encompass Mechanical Services Southeast, Inc.; Charleston Naval Redevelopment Authority, Wyatt and Wyatt Construction Company, Inc., | ) | |
| | ) | |
| Third Party Defendants. | ) | |

_____

| | | |
|---|---|---|
| Paul Wyatt and Ellen Wyatt, | ) | |
| | ) | |
| Plaintiffs, | ) | 2:05-cv-3593-CWH |
| | ) | |
| vs. | ) | |
| | ) | |
| Jordan Jones and Goulding, Inc., | ) | |
| | ) | |
| Defendant and Third Party Plaintiff, | ) | |
| | ) | |
| vs. | ) | |

| | |
|---|---|
| CR Hipp Construction, Inc., f/k/a Encompass ) <br> Mechanical Services Southeast, Inc.; Charleston ) <br> Naval Redevelopment Authority, Wyatt and ) <br> Wyatt Construction Company, Inc., ) <br> ) <br>       Third Party ) <br>       Defendants. ) <br> _____ ) | |
| Franklin Eugene Cowger and Linda Kay Cowger, ) <br> ) <br>       Plaintiffs, ) <br> ) <br>   vs. ) <br> ) <br> ) <br> Jordan Jones and Goulding, Inc., ) <br> ) <br>       Defendant and Third ) <br>       Party Plaintiff, ) <br> ) <br>   vs. ) <br> ) <br> CR Hipp Construction, Inc., f/k/a Encompass ) <br> Mechanical Services Southeast, Inc.; Charleston ) <br> Naval Redevelopment Authority, Wyatt and ) <br> Wyatt Construction Company, Inc., ) <br> ) <br>       Third Party ) <br>       Defendants. ) <br> _____ ) | 2:06-cv-2211-CWH |
| Joshua Morris, ) <br> ) <br>       Plaintiff, ) <br> ) <br>   vs. ) <br> ) <br> ) <br> Jordan Jones and Goulding, Inc., ) <br> ) <br>       Defendant and Third ) <br>       Party Plaintiff, ) | 2:06-cv-2533-CWH |

|  |  |  |
|---|---|---|
| vs. | ) | |
| | ) | |
| CR Hipp Construction, Inc., f/k/a Encompass Mechanical Services Southeast, Inc.; Charleston Naval Redevelopment Authority, Wyatt and Wyatt Construction Company, Inc., | ) ) ) ) ) | |
| Third Party Defendants. | ) ) ) | |
| _____ | ) | |
| Turby ("Zack") and Phyllis Thomas, III | ) ) | |
| Plaintiffs, | ) ) | 2:06-cv-1653-CWH |
| vs. | ) ) ) | |
| Jordan Jones and Goulding, Inc., | ) ) | |
| Defendant and Third Party Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| CR Hipp Construction, Inc., f/k/a Encompass Mechanical Services Southeast, Inc.; Charleston Naval Redevelopment Authority, Wyatt and Wyatt Construction Company, Inc., | ) ) ) ) ) | |
| Third Party Defendants. | ) ) ) | |
| _____ | ) | |
| Turby F. and Johnnie Thomas, | ) ) | |
| Plaintiffs, | ) ) | 2:06-cv-1654-CWH |
| vs. | ) ) ) | |
| Jordan Jones and Goulding, Inc., | ) ) ) | |

|  |  |  |
|---|---|---|
| | Defendant and Third ) | |
| | Party Plaintiff, ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CR Hipp Construction, Inc., f/k/a Encompass | ) | |
| Mechanical Services Southeast, Inc.; Charleston | ) | |
| Naval Redevelopment Authority, Wyatt and | ) | |
| Wyatt Construction Company, Inc., | ) | |
| | ) | |
| | Third Party ) | |
| | Defendants. ) | |
| _____ ) | | |

| | | |
|---|---|---|
| Tom R. and Brenda Watkins, | ) | |
| | ) | |
| | Plaintiffs, ) | 2:06-cv-1655-CWH |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| Jordan Jones and Goulding, Inc., | ) | |
| | ) | |
| | Defendant and Third ) | |
| | Party Plaintiff, ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CR Hipp Construction, Inc., f/k/a Encompass | ) | |
| Mechanical Services Southeast, Inc.; Charleston | ) | |
| Naval Redevelopment Authority, Wyatt and | ) | |
| Wyatt Construction Company, Inc., | ) | |
| | ) | |
| | Third Party ) | |
| | Defendants. ) | |
| _____ ) | | |

On November 14, 2006, the defendant Jordan, Jones and Gouldings, Inc. moved this

Court for an order to compel Rule 26(a)(2)(B) reports from the plaintiffs' treating physicians.

With respect to a witness who is retained or specially employed to provide expert testimony in

the case, a party must include a written report prepared and signed by the witness and containing a complete statement of all opinions to be expressed and the basis and reasons therefore. Fed. R. Civ. P. 26(a)(2)(B).

On November 17, 2006, in a telephone conference counsel for the plaintiffs represented to the Court that it has neither retained nor specially employed said treating physicians to provide expert testimony in this case. Counsel for the plaintiffs further represented to the Court that it has disclosed the identity of said witnesses who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence pursuant to Rule 26(a)(2)(A) of the Federal Rules of Civil Procedure. Accordingly it appears to the Court that the plaintiffs have complied with the requirements of Rule 26(a)(2).

Therefore, the defendant's motion to compel is denied.

**AND IT IS SO ORDERED.**

_____
**C . WESTON HOUCK
UNITED STATES DISTRICT JUDGE**

November 20, 2006
Charleston, South Carolina